[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2005
THOMAS  K. KAHN
CLERK

No. 04-15367
Non-Argument Calendar
_____

D. C. Docket No. 02-22059-CV-JEM

STATE OF BELIZE, a foreign state,
DEVELOPMENT FINANCE CORPORATION,
a foreign corporation,

Plaintiffs-Appellees
Cross-Appellants,

versus

HOWTZER CORPORATION,
a Florida corporation,

Defendant-Third-Party-
Plaintiff-Counter-
Defendant-Appellant
Cross-Appellee,

HOWTZER CORPORATION DELAWARE,
a Delaware corporation,
HOWTZER INTERNATIONAL,
a Florida corporation,
HOWTZER INVESTMENTS,
a Florida corporation,
INFORMATION TECHNOLOGY DEVELOPMENT, INC.,
a Delaware corporation,
CARTAYA HERNANDEZ,
individually,

Defendants-Appellants
Cross-Appellees,

versus

EMB GROUP, INC.,

Third-Party-Defendant-
Counter-Claimant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(September 14, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

This case concerns a contract for prefabricated homes entered into by

Howtzer Corporation, EMB Corporation ("EMB"), the State of Belize, and the

Development Finance Corporation ("DFC"), an agency of the State of Belize.

The State of Belize and DFC, Plaintiffs-Appellees, filed an eight-count

complaint against Defendants-Appellants, various Howtzer corporate entities.[1]

The complaint alleged breach of contract (Counts I and VII), conversion (Count

---

[1]EMB Group, Inc., is the Third-Party Defendant in this case. Claims between Defendants-Appellants, as Third-Party Plaintiffs, and EMB Group, Inc., were resolved through a settlement agreement prior to trial.

II), civil theft in violation of Fla. Stat. § 772.11 (Count III), fraud (Count IV), money had and received (Count V), and fraudulent conveyance or transfer (Count VIII). In addition, the complaint sought a constructive trust and an accounting (Count VI).

In a non-jury trial, the district court found for Plaintiffs-Appellees as to Counts I through V and Count VII, entering judgment according to the parties' stipulation that Plaintiffs-Appellees' damages were $526,500.00. Furthermore, finding that Plaintiffs-Appellees were entitled to this amount of damages on any of their claims, the court awarded treble damages pursuant to Florida's civil theft remedy, bringing the total damages to $1,579,500.00.

We review the trial court's findings of fact for clear error, and its conclusions of law *de novo*. *Miles v. Naval Aviation Museum Found., Inc.*, 289 F.3d 715, 720 (11th Cir. 2002).

Howtzer and Cartaya contest the court's finding that the parties entered into an escrow agreement, which was the basis for the court's entry of judgment against them. After a careful review of the parties' briefs and the record, we find that the district court's findings of fact, conclusions of law, and final judgment accurately resolved the issues in this case. The district court did not clearly err in finding that an escrow agreement existed because ample evidence in the record supported this

finding. *See The Florida Bar v. Joy*, 679 So. 2d 1165, 1167 (Fla. 1996) (citation omitted) ("In the absence of an express agreement, written or oral, the law will imply from the circumstances of the escrow that the agent has undertaken a legal obligation . . . ."). Furthermore, for the reasons stated in the district court's September 17, 2004 order, and having determined that the court's finding of an escrow agreement was not clearly erroneous, we find that Plaintiffs-Appellees have established the requisite elements for the breach of contract, conversion, civil theft, fraud, and money had and received claims. As for Plaintiffs-Appellees cross-claim for attorney's fees, we hold that the district court did not err in determining that Plaintiffs-Appellees did not make the required showing of clear and convincing evidence that would entitle them to attorney's fees. *See* FLA. STAT. ch. 772.104. Accordingly, the court's entry of judgment against Defendants-Appellants is AFFIRMED.

**AFFIRMED.**